# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOE E. SONGER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:15-CV-100-TLS |
| | ) |
| SGT. A. SULICH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Joe E. Songer, Jr., a prisoner proceeding *pro se*, filed a complaint alleging that officers at the Westville Correctional Facility failed to protect him from being attacked on March 25, 2013, and that other jail personnel failed to provide him with adequate medical attention following the attack. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Plaintiff is currently incarcerated at the Pendleton Correctional Facility. He brings suit for events that transpired while he was housed at the Westville Correctional Facility. The Plaintiff alleges that he spoke to Sergeant A. Sulich on March 24, 2013, telling him that a certain organization had threatened his life and would assault him if he did not leave the general population. The Plaintiff asked to be separated from general population and be placed in

protective custody. Sergeant Sulich notified his superiors of the Plaintiff's request. However, Sergeant Sulich relayed to the Plaintiff that they did not believe he was in imminent danger, and they required him to stay in general population. The next day, the Plaintiff was attacked by a member of that organization while he was in the restroom, and suffered a broken jaw. He alleges that he did not receive adequate treatment for his injuries.

A.      **Claim Against Sergeant Sulich**

First, the Plaintiff brings suit against Sergeant Sulich for failing to protect him from being assaulted. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). General requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). By contrast, "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). "Even if an official is found to have been aware that the plaintiff was at substantial risk of serious injury, he is free from liability if he responded to the situation in a reasonable manner." *Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005).

According to the Plaintiff's Complaint, Sergeant Sulich notified his superiors of the

situation. The Plaintiff was informed that they did not believe he was under any imminent threat and denied his request to be placed in protective custody. The Plaintiff alleges that Sergeant Sulich was somehow negligent during these events. Negligence alone does not satisfy the "deliberate indifference" standard. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). But the Plaintiff is *pro se*, so his use of the word "negligent" is not determinative, and the Court does not expect that the Plaintiff would have known the correct legal terminology for the requisite mental state. *See Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) ("The deliberate indifference standard reflects a mental state somewhere between the culpability poles of negligence and purpose, and is thus properly equated with reckless disregard.").[1]

The Plaintiff's allegations indicate that Sergeant Sulich took some action in response to the Plaintiff's concerns, which suggests that he did not ignore the potential risk of which he had been made aware. However, just because Sergeant Sulich notified his superiors of the situation does not mean that he did so in a manner that communicated the specific threat identified by the Plaintiff—that a specific organization had threatened his life and he would be assaulted. The Court finds that the decision in *Perez v. Fenoglio* provides a useful analogy. In that case, the court held that the plaintiff's concession that he had received immediate and continuing medical attention from prison staff did not warrant dismissal of his deliberate indifference claim. 792 F.3d at 777 ("If all the Eighth Amendment required was that prison officials provide some

---

[1] In fact, the Plaintiff wrote a letter [ECF No. 8], which was addressed to the Clerk of Court and filed in this case on September 17, 2015. In that letter, he advised that he wanted to "add deliberate indifference to my claim. I thought negligence was the proper word to use but upon research have realized I was partially wrong."

3

'immediate and ongoing attention,' they could shield themselves from liability (and save considerable resources) by shuttling sick or injured inmates to perfunctory medical appointments wherein no meaningful treatment is dispensed."). Just as the receipt of some medical care does not automatically defeat a claim of deliberate indifference, *id.*, making some attempt to inform supervisors of an inmate's concern does not automatically defeat such a claim. If it did, officials could shield themselves from liability by passing along such concerns in perfunctory fashion.

In hindsight, it is clear that Sergeant Sulich's superiors should have credited the Plaintiff's concerns. It remains unclear why they did not, but such questions are not appropriate at the pleading stage. What, if any, investigation prison officials made into the threat that the Plaintiff reported, and what they may have subjectively concluded as to the credibility and gravity of the threats as a result of such investigation, are matters that are within their knowledge, not the Plaintiff's. The Plaintiff cannot know for certain what Sergeant Sulich communicated and what the other officials knew without discovery. At this stage, the Plaintiff need only allege facts from which their knowledge may be inferred, and he has alleged such facts, specifically as it relates to Sergeant Sulich. It remains plausible that the response to this knowledge, which led to forcing the Plaintiff back into the general population, was not reasonable.

**B.    Claim Against Superintendent Pazera**

The Plaintiff also seeks to hold Andrew Pazera, the Superintendent of Westville, liable for the decision to not place him in protective custody.

"For constitutional violations under § 1983 . . . a government official is only liable for

4

his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (quotation marks omitted); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (holding that under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds . . . not for anyone else's"). Accordingly, to state a claim against Pazera, the allegations must plausibly suggest that he realized that the Plaintiff faced a substantial risk of serious harm, but disregarded it.

The Plaintiff does not allege that Pazera was personally involved in the decision to keep the Plaintiff in general population, or that he was even aware of the Plaintiff's concerns. The Plaintiff may be trying to hold Pazera liable because he supervises Sergeant Sulich or others, but there is no general *respondeat superior* liability under § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Or, he may be attempting to hold Pazera liable in his official capacity because a policy or custom was the moving force behind the constitutional deprivation. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

> The failure to provide adequate training to its employees may be a basis for imposing liability on a municipality . . . , but as with any other policy or practice for which the plaintiff seeks to hold the municipal . . . defendant liable, the plaintiff must show that the failure to train reflects a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact.

*Id.* "An allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir.1993). "In order to ensure that isolated instances of misconduct are not attributable to a generally adequate policy or training program, we require a high degree of culpability [to avoid] creating de facto respondeat superior liability " *Id.* In other words, a failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." *Id.* An entity's "culpability for a deprivation

5

of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

The Plaintiff alleges that Pazera did not maintain the staff's competency in protecting inmates. He provides no illuminating details regarding this allegation, and certainly none that would plausibly suggest a pattern of constitutional violations related to the training staff received regarding how to handle the situation at issue here. Accordingly, the Plaintiff's Complaint does not state a claim against Superintendent Pazera for failure to train, and the claim against him will be dismissed without prejudice. The Plaintiff may replead against Superintendent Pazera in a more fact-specific manner. Of particular importance, the Plaintiff must give more details concerning other similar constitutional violations that have occurred at Westville Correctional Facility such that the Defendant's deliberate indifference to the consequences of a failed training program can be plausibly inferred. If the Plaintiff does not amend his complaint, there will be no claim pending against Superintendent Pazera.

**C.     Unnamed Officers**

Next, the Plaintiff brings suit against two unnamed officers at Westville. Specifically, he identifies an unnamed lieutenant and an unnamed captain on duty at Westville on March 25, 2013, the day he was attacked. However, neither of these officers appear anywhere in the body of the Complaint. The pleaded factual content does not permit the Court to draw the reasonable inference that these Defendants are liable for any constitutional violation. The unnamed lieutenant and unnamed captain will be dismissed.

### D. Claim Against Urgent Care Nurse

Following the attack, the Plaintiff was taken to the infirmary. There, an unnamed nurse on duty refused to treat him because he would not open his mouth. The Plaintiff asserts that he was unable to open his mouth because of his injury, but that the nurse accused him of lying about having a broken jaw. Consequently, the nurse would not treat the Plaintiff's injuries or give him a bed in the infirmary.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the best course

7

of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice, since "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)).

Here, giving the Plaintiff the inferences to which he is entitled, he has alleged and provided medical records of a serious medical need, namely, treatment of a broken jaw. On the subjective prong, he claims that the nurse he saw at Westville refused to provide him with necessary treatment or medication. The Plaintiff has alleged enough to proceed past the pleading stage against the nurse on an Eighth Amendment claim.

However, the Plaintiff apparently does not know the identity of the prison nurse. As a practical matter this case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Therefore, the Court will order that service be made on Westville's medical director, Andrew Liaw, for the sole purpose of identifying the nurse through discovery. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). The Court will set deadlines for the Plaintiff to conduct discovery and to file an amended complaint containing the name of the nurse, which he must do for this case to proceed. If he can obtain the name of the nurse on his own without having to conduct discovery, he may do so. In either event, if he fails to submit an amended complaint containing the name of the nurse by the deadline, this claim will be dismissed for failure to state a claim against a viable defendant.

### E. Claim Against Medical Director

Finally, the Plaintiff brings suit against Andrew Liaw, Westville's medical director, for

the unnamed nurse's actions and for not having "proper procedures in place for his staff to follow," which led to him being placed in a room with no bed, chair, or toilet, instead of in the infirmary. As discussed above, Liaw cannot be personally responsible for the unnamed nurse's actions under a theory of *respondeat superior*. *Chavez*, 251 F.3d at 651*; Burks*, 555 F.3d at 596. Thus, her actions cannot be imputed to him.

The Plaintiff's reference to procedures suggests that he may be attempting to establish liability against Liaw in his official capacity. Under that theory, liability only attaches if the existence of an official policy or other governmental custom was the moving force behind the deprivation of constitutional rights. *Teesdale v. City of Chi.*, 690 F.3d 829, 833–34 (7th Cir. 2012); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989). While the Plaintiff alleges there were no "proper procedures in place," his factual allegations point only to the actions of one nurse on a single occasion. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (holding that where a plaintiff alleges that a lack of a policy caused a constitutional violation, liability requires "more than a single incident"). Absent allegations about a "series of incidents or a widespread practice against other inmates," the Complaint allegations do not state a plausibly claim that the failure to house the Plaintiff in the infirmary was the result of deliberate indifference by the government entity. *Glisson v. Ind. Dep't of Corr.*, No. 15-1419, 2016 WL 625944, at *4 (7th Cir. Feb. 17, 2016). The Plaintiff's claim against Liaw will be dismissed.

## CONCLUSION

For these reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Sergeant A. Sulich in his individual

capacity for monetary damages under the Eighth Amendment for failing to protect him from an attack by another inmate;

(2) **GRANTS** the Plaintiff leave to proceed against Andrew Liaw, medical director at Westville Correctional Facility, for the sole purpose of conducting discovery to identify the nurse who allegedly denied him proper medical care for a broken jaw at Westville on March 25, 2013;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DISMISSES** Superintendent Andrew Pazera from this case;

(5) **DIRECTS** the U.S. Marshals Service to effect service of process on Sergeant A. Sulich and Andrew Liaw;

(6) **ORDERS** Andrew Liaw to appear and respond to limited discovery directed to identifying the unnamed prison nurse who treated the plaintiff at Westville Correctional Facility;

(7) **WAIVES** any obligation by Andrew Liaw to answer the complaint;

(8) **DIRECTS** the Clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to the Plaintiff along with a copy of this Order;

(9) **ORDERS** that discovery by the Plaintiff to determine the identity of the unnamed prison nurse be initiated by May 30, 2016;

(10) **ORDERS** the plaintiff to file an amended complaint on or before September 30, 2016, which names the prison nurse; and

(11) **CAUTIONS** him that if he does not file an amended complaint or otherwise respond by the deadline, the claim against the unnamed nurse will be dismissed and this case will proceed on this screening Order of the Complaint.

SO ORDERED on April 12, 2016.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION